N. R. JONES, ETC., *v.* E. E. PEARCE.

**Evidence—Establishing Testimony of Deceased Witness.**

Refusal to permit a party to prove the testimony of a deceased witness given on a former trial, was not error, where it does not appear what the testimony sought to be established was, and it appears that the witness presented to prove the testimony of the deceased witness can not remember all that the deceased witness testified to, or even the substance thereof.

### APPEAL FROM BATH CIRCUIT COURT.

#### June 13, 1873.

OPINION BY JUDGE PETERS:

The suppression of a part of the depositions of Shropshire and others by the court, and its refusal to permit appellant to prove what Craig, who was dead, testified to on a former trial of the case were not assigned as reasons for a new trial, and if they had been we do not perceive any error in the ruling of the court below on those questions. The evidence offered was incompetent.

It does not appear what were the statements made by Craig on the former trial, or that they were material or beneficial to appellant; and, besides, the witness Norris, by whom appellant proposed to prove them, stated that he could not remember all that Jesse Craig proved on that occasion. Nor did he say that he could prove even the substance of what the decedent stated on the occasion referred to. The two instructions given by the court presented in clear and lucid language to the jury the principles of law arising on the pleadings and evidence, and they were quite as favorable to appellant as the testimony authorized.

The evidence was conflicting and we can not say that the verdict is against the weight of it.

Perceiving no error in the proceedings in the court below, the judgment must be *affirmed*.

*Reid & Stone, Turner, for appellants.*

*Lacy, for appellee.*